# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

                Respondent/Plaintiff,

    vs.

TAVARES CHANDLER,

                Petitioner/Defendant.

)
)
)
)
)
)
)
)
)
)

Case No.: 2:10-cr-00482-GMN-PAL-1

**ORDER**

Pending before the Court is Petitioner Tavares Chandler's ("Petitioner's") Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 ("§ 2255 Mot."), (ECF No. 201). The Government filed a Response, (ECF No. 210), to which Petitioner filed a Reply, (ECF No. 212).

Further pending before the Court is Petitioner's Motion for Prompt Disposition, (ECF No. 214). The Government did not file a Response, and the time to do so has passed.

For the reasons discussed below, the Court **DENIES** Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, and **DENIES as moot** Petitioner's Motion for Prompt Disposition.

## I.    BACKGROUND

On May 9, 2011, Petitioner pleaded guilty to one count of felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Plea Mem., ECF No. 41); (Mins. Proceedings, ECF No. 44). Petitioner was sentenced to 235 months' imprisonment, (*see* Mins. Proceedings, ECF No. 82), which was later reduced to 100 months' imprisonment in light of the Supreme Court's decision in *Johnson v. United States*. 571 U.S. 591 (2015); (*see* Mins. Proceedings, ECF No. 135): (Am. J., ECF No. 139).

Rather than appeal, Petitioner instead filed his First Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 ("First § 2255 Mot."). (ECF No. 142).  During the pendency of the First § 2255 Motion, the Court revoked Petitioner's supervised release and sentenced him to four months in custody. (Mins. Proceeding, ECF No. 173); (J., ECF No. 174). Petitioner would later voluntarily dismiss his First § 2255 Mot. (ECF No. 175).  In November 2020, the Court again revoked Petitioner's supervised release, and sentenced him to twelve months' imprisonment. (Mins. Proceedings, ECF No. 199); (J., ECF No. 200).

On August 2, 2021, Petitioner filed the present Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. (ECF No. 201)  The Court discusses Petitioner's § 2255 Motion below.

## II.  LEGAL STANDARD

Section 2255 provides, in pertinent part: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . .  may move the court which imposed the sentence to vacate, set aside or correct the sentence." *See also Davis v. United States*, 417 U.S. 333, 344–45 (1974).  To warrant relief, the prisoner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict. *See Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993); *see also United States v. Montalvo*, 331 F.3d 1052, 1058 (9th Cir. 2003) ("Brecht's harmless error standard applies to habeas cases under section 2255[.]"). Relief is warranted only upon the showing of "a fundamental defect which inherently results in a complete miscarriage of justice." *Davis*, 417 U.S. at 346.

Under Section 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section, '[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *United States v. Blaylock*, 20 F.3d

1458, 1465 (9th Cir. 1994) (emphasis in original) (quoting 28 U.S.C. § 2255).  The court may deny a hearing if the movant's allegations, viewed against the record, fail to state a claim for relief or "are so palpably incredible or patently frivolous as to warrant summary dismissal." *United States v. McMullen*, 98 F.3d 1155, 1159 (9th Cir. 1996).  To earn the right to a hearing, therefore, the movant must make specific factual allegations which, if true, would entitle him to relief. *Id*.  Mere conclusory statements in a Section 2255 motion are insufficient to require a hearing. *United States v. Hearst*, 638 F.2d 1190, 1194 (9th Cir. 1980).

## III.   <u>DISCUSSION</u>

By the instant Motion, Petitioner contends that the indictment charging him with felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) was legally insufficient because it did not contain the term "unlawfully." (§ 2255 Mot. at 4, 6, ECF No. 201).  Petitioner thereby claims that his counsel provided ineffective assistance as set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), by failing to move to dismiss the deficient indictment. (*Id*. at 9–10).  Additionally, Petitioner contends that his counsel provided him with ineffective assistance at his second revocation hearing by failing to request he receive jail-time credit pursuant to United States Sentencing Guideline ("U.S.S.G.") 5G1.3(b) or (c). (*Id*. at 11).  The Court will discuss each of Petitioner's claims in turn.

### A.  Omission of Necessary Element of § 922(g)(1)

As stated, Petitioner contends that the indictment charging him with felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) was legally insufficient because it did not contain the term "unlawfully." (§ 2255 Mot. at 4, 6).  In rebuttal, the Government contends that Petitioner's argument fails because it is untimely. (Resp. 2:17–6:7, ECF No. 210).  The Government further maintains that even if the Court reaches the merits of Petitioner's argument, his claim will still fail because he is unable to meet either prong of the *Strickland*

///

standard for measuring ineffective assistance of counsel. (*Id.* 6:8–9:11).  As the timeliness of Petitioner's claim is dispositive, the Court will start there.

### 1.    Timeliness

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") sets a one-year statute of limitations period for a defendant to file a motion to vacate, set aside, or correct a sentence. 28 U.S.C. § 2255(f).  This one-year period begins to run once the judgment of conviction becomes final. 28 U.S.C. § 2255(f)(1).  If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final, and the statute of limitations begins to run, on the date on which the time for filing such an appeal expired. *See United States v. LaFrombiose*, 427 F.3d 680, 683 (9th Cir. 2005) (citing *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987)); *see also United States v. Schwartz*, 274 F.3d 1220, 1223 (9th Cir. 2001).  As Petitioner did not file a direct appeal, his judgment became final for § 2255 purposes when his time to appeal expired under the Federal Rules of Appellate Procedure—*i.e.*, fourteen days after the entry of judgment in the district court. *See* Fed. R. App. P. 4(b)(1) ("In a criminal case, a defendant's notice of appeal must be filed . . . within 14 days after . . . the entry of . . . the judgment . . . being appealed").

Here, the Court entered an amended judgement on March 17, 2016, after re-sentencing Petitioner. (Am. J., ECF No. 139).  Therefore, Petitioner had until March 31, 2017, to challenge that conviction or sentence pursuant to a § 2255 Motion.  Petitioner filed the present § 2255 Motion on August 2, 2021, nearly three years after his judgment became final. (*See generally* § 2255 Mot.).  As Petitioner provides no reason for the delay in filing his § 2255 Motion, (*see generally* Reply, ECF No. 212), he has not established a basis for equitable tolling.  Therefore, his § 2255 Motion is untimely.[1]

---

[1] Alternatively, Petitioner argues that the applicable statute of limitations only began to run following the Court's revocation of his supervised release in November 2020. (Reply at 2–3).  Thus, his § 2255 Motion is timely because it was filed a year from that date. (*Id.*).  However, Petitioner's argument is derived from a mistaken

Finally, although Petitioner claims that his argument is not based on the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019), (*see* Reply at 2), the Court notes that his claim would still be untimely even if it relied on *Rehaif*.  In *Rehaif*, the Supreme Court overruled longstanding precedent to hold that, to prove a violation of 18 U.S.C. § 924(c), the government must show that a defendant knew he fell into one of the categories enumerated in 18 U.S.C. § 922(g) prohibiting him from possessing a firearm. 139 S. Ct. at 2914.  28 U.S.C. § 2255(f)(3) provides a one-year limitations period to habeas petitions based on a "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  Even assuming that *Rehaif* created a new right that applies retroactively on collateral review, Petitioner's claim fails because he did not file the present § 2255 Motion within one year after the Supreme Court's decision in *Rehaif* was issued.  Specifically, *Rehaif* was decided on June 21, 2019.  Because § 2255(f)(3)'s limitation period is one year, Petitioner had until June 21, 2020 to file his § 2255 motion.  But here, Petitioner, did not file the instant § 2255 motion until August 2, 2021. (*See generally* § 2255 Mot.).  Therefore, because Petitioner's § 2255 Motion is not timely filed under any of the subsections of § 2255(f), Petitioner's § 2255 Motion is time-barred and shall be denied.

////

////

---

premise.  "'Conviction' in 28 U.S.C. § 2255(f) refers to the underlying case, rather than a judgment imposed as a result of the supervised release revocation." *United States v. Figueroa-Banuelos*, No. 2:06-cr-0347, 2015 WL 779172, at *2 (E.D. Cal. Feb. 24, 2015); *see United States v. Williams*, No. 07-cr-6302, 2019 WL 6170050, at *2 (W.D.N.Y. Nov. 18, 2019) ("The claim raised by Defendant in the instant § 2255 application has nothing to do with his violation of supervised release or the resulting sentence, and therefore the statute of limitations is not calculated from the date of the judgment revoking his supervised release."); *Downing v. United States*, No. 09-cr-0709, 2019 WL 1519385, at *4 (D. Ariz. Jan. 2, 2019) ("In line with this reasoning, the limitations period on challenges to Movant's claims based on his revocation proceedings would not begin to run until he is sentenced based on the revocation.  Of course, that would not reset the limitations period for claims attacking the original conviction and sentence.").  As Petitioner is challenging the basis for his original conviction and sentence, the limitations period is based on when he was convicted in the underlying case, not any subsequent judgment related to a supervised release revocation.

## 2.  Petitioner's Counsel Did Not Provide Ineffective Assistance

Even if Petitioner's claim was timely, his ineffective of assistance of counsel argument would fail on the merits.[2]  To establish a claim that counsel's assistance was so defective as to require reversal of a conviction, a movant must show first that counsel's performance was deficient and that the deficient performance prejudiced the defense so as to deprive the movant of a fair trial. *Strickland v. Washington*, 466 U.S. 668 (1984).  Even assuming that Petitioner's § 2255 Motion raises a *Rehaif* challenge, Petitioner is unable to establish either prong of the *Strickland* standard.

To show deficient performance, the movant must demonstrate that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Id*. at 694–95.  "The failure to anticipate the *Rehaif* decision, which was announced well after [Petitioner's] sentencing, cannot constitute deficient performance." *Box v. United States*, No. 17-cr-05362, at *2 (D. Ariz. Jan. 5, 2021); *see Lowry v. Lewis*, 21 F.3d 344, 346 (9th Cir. 1994) ("[A] lawyer cannot be required to anticipate [the court's] decision in [a] later case, because his conduct must be evaluated for purposes of the performance standard of Strickland 'as of the time of counsel's conduct.'"); *United States v. Fesolai*, No. 2:17-cr-74, 2020 WL 3035346, at *2 (D. Nev. June 5, 2020) ("Petitioner's counsel did not perform deficiently by failing to cite future precedent.").

---

[2] As an initial matter, Petitioner's *Strickland* claim fails to the extent that it asserts that his counsel was ineffective solely because his indictment omitted the term "unlawfully." (§ 2255 Mot. at 8–9).  In a felon in possession of a firearm case under 18 U.S.C § 922(g), "the prosecution need not prove that the defendant knew that his possession of the firearm was unlawful; the prosecution need only prove that the defendant consciously possessed what he knew to be a firearm." *United States v. Beasley*, 346 F.3d 930, 934 (9th Cir. 2003). "Commission of the crime requires no 'act' other than knowing possession of a firearm by a convicted felon." *Glenn v. United States*, No. 12-cr-5646, 2013 WL 1499085, at *5 (W.D. Wash. Apr. 11, 2013) (quotation omitted).  Thus, Petitioner's counsel was not ineffective by failing to raise an unmeritorious argument. Therefore, the Court's inquiry is limited to an analysis of whether Petitioner's counsel provided ineffective assistance construing his argument as a *Rehaif* claim.

Moreover, Petitioner is also unable to show prejudice, as the missing *Rehaif* element would have been easily proven at trial.  In the context of a guilty plea, prejudice requires that a petitioner demonstrate "a reasonable probability that, but for [the] errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).  Before his conviction in this matter, Petitioner had seven felony convictions, including convictions for attempted possession of a firearm by an ex-felon and possession of a firearm by an ex-felon. (PSR ¶¶ 38–49); *see United States v. Johnson*, No. 17-10252, 2020 WL 6268027, at *5 (9th Cir. Oct. 26, 2020) ("Johnson cannot plausibly argue that a jury . . . would find that he was unaware of his status as someone previously convicted of an offense punishable by more than a year in prison.  After all, he had in fact already served three prison sentences exceeding one year."); *Fesolai*, 2020 WL 3035346, at *2 (finding the record established that the government would have been able to "prove beyond a reasonable doubt that petitioner knew of his prohibited status at the time he possessed the firearm" where the pre-sentence report showed that "petitioner had numerous prior felony convictions over many years" before the conviction at issue); *United States v. McCloud*, No. 17-cr-00025, 2021 WL 2322473, at *10 (N.D. Cal. June 7, 2021) ("But McLoud was formally charged with the offense he pleaded guilty to and . . . stipulated in his plea agreement to having prior felony convictions.  There is no question that he knew of his status as a felon.").  Thus, the record demonstrates that Petitioner knew his status as a felon before he possessed the firearm, which was the basis for the underlying conviction.  Therefore, the record fails to support a finding that Petitioner would not have pled guilty.

///

///

///

///

1

### B.    Failure to Argue U.S.S.G. § 5G1.3

2

Next, Petitioner argues that his counsel was ineffective at his second supervised release

3

revocation hearing because they[3] failed to ask the Court to apply U.S.S.G. § 5G1.3. (§ 2255

4

Mot. at 12).  In particular, Petitioner contends that pursuant to U.S.S.G. § 5G1.3(b) or (c), he is

5

entitled to a "downward departure" of his sentence based on credit for time served in official

6

custody. (*Id*. at 13–14); (Reply at 4–5).  In response, the Government contends that both

7

guideline provisions cited by Petitioner are inapplicable.[4] (Resp. 9:12–10:24).

8

Under U.S.S.G. § 5G1.3(b), the district court shall adjust a defendant's sentence for time

9

already served if the term of imprisonment resulted from another offense (1) that is relevant

10

conduct to the instant offense of conviction and (2) was the basis for an increase in the offense

11

level for the instant offense.  U.S.S.G. § 5G1.3(c) in turn discusses recommendations where a

12

state term of imprisonment is anticipated to result from another offense that is relevant conduct

13

to the instant offense.

14

First, Petitioner's contention that U.S.S.G. § 5G1.3(b) entitles him to a downward

15

departure for his sentence is misplaced.  Petitioner's argument is based on his belief that

16

U.S.S.G. § 5G1.3(b) applies to sentences imposed upon revocation of supervised release.

17

However, U.S.S.G. § 5G1.3(b) does not apply to sentences imposed upon revocation of

18

supervised release. *See United States v*. *Bernard*, 48 F.3d 427, 432 (9th Cir. 1995) ("Nor did

19

Bernard's prior undischarged term of imprisonment result from a federal offense pursuant to

20

the Sentencing Reform Act.  It resulted from violations of the conditions of supervised

21

22

---

23

[3] Petitioner identified James Oronoz as his counsel at the second supervised release revocation hearing. (§ 2255 Mot. at 13).  However, the minutes from that proceeding indicate that Katherine Tanaka was Petitioner's counsel. (Mins. Proceeding, ECF No. 199).

24

[4] The Government further maintains that Petitioner's argument is misplaced because "sentencing credit determinations for incarcerated defendants are made by the [Bureau of Prisons] as an administrative matter." (Resp. 10:9–11).  This may be true, but although "[c]redit for time served is indeed a matter which generally falls

25

within the province of the Bureau of Prisons under 18 U.S.C. § 3585(b)," the "[a]pplication of section 5G1.3(b) is a matter for the court, not the Bureau, to decide." *United States v. Drake*, 49 F.3d 1438, 1440 (9th Cir.1995).

release."); *United States v. Esteen*, 703 Fed. App'x 825, 828 (11th Cir. 2017); *Vales v. United States*, No. 13-cv-1082, 2014 547059, at *3 (W.D. Penn. Feb. 10, 2014) ("Section 5G1.3(b) relates to sentences for convictions that occur while a defendant is on supervised release, not a supervised release violation itself.").

Moreover, even assuming that U.S.S.G. § 5G1.3(b) did apply to sentences imposed upon revocation of supervised release, the conduct that formed the basis of his sentence is manifestly different than the underlying conduct which formed the basis of his felon in possession of firearm offense. Specifically, the transcript for Petitioner's revocation hearing demonstrates that his sentence was based on a series of failed drug tests and a positive drug test in violation of his supervised release conditions. (Revocation Transcript 15:23–16:8, ECF No. 207); (Revocation Transcript 7:15–21, ECF No. 208). Therefore, U.S.S.G. § 5G1.3(b) is inapplicable as the allegedly undischarged prison term is not related to his underlying offense. *See United States v. Aragon*, No. 21-30021, 2021 WL 6067004, at *1 (9th Cir. Dec. 20, 2021) ("Aragon concedes his DUI conviction is unrelated to the instant offense. Consequently, § 5G1.3(b) and its directive do not apply to Aragon's sentence."); *United States v. Kimble*, 107 F.3d 712, 713, 715 (9th Cir. 1997) (holding that that § 5G1.3(b) does not apply "where at least one of a defendant's undischarged prison terms is not related to the instant offense"). As such, Petitioner has not shown that his counsel's representation was constitutionally unreasonable for failure to raise U.S.S.G. § 5G1.3(b).

U.S.S.G. § 5G1.3(c) in turn permits the sentencing court to run a federal sentence "concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense." However, in this case, the parties agreed on the record that the sentence in the new firearm possession case would be a consecutive sentence of 15 months for a total of 27 months imprisonment. Even assuming that Petitioner's counsel "should have argued for a concurrent sentence under

5G1.3(c), [Petitioner] has not shown that the failure to do so caused prejudice, as required by *Strickland*." *United States v. Arriaga*, No. 5:13-cr-00510, 2021 WL 5356725, at *4 (N.D. Cal. Nov. 17, 2021).  "The fact the court can, in its discretion, impose a sentence to run concurrently to an undischarged state-imposed sentence does not create a right or expectation to such a sentence." *Andrade-Arroyo v. United States*, No. 03-cr-5331, 2009 WL 748227, at *3 (E.D. Cal. Mar. 20, 2009) (denying a § 2255 motion because a petitioner failed to show prejudice arising from their attorney's failure to request that their federal sentence run concurrently with their state sentence).  Under U.S.S.G. 5G1.3(c), the Court had discretion to run the federal sentences concurrently, but was not required to do so.  Further, even if a request had been made, it is highly unlikely the request would have been granted because the conduct underlying the sentence imposed upon revocation of supervised release (multiple missed and positive drug tests from June 2019 through May 2020) was unrelated to the conduct underlying the federal conviction (possession of two handguns in August 2020).  Therefore, Petitioner's counsel did not render ineffective assistance by failing to pursue a concurrent sentence or reduction pursuant to U.S.S.G. 5G1.3(c).

## C. Certificate of Appealability

When issuing a final order adverse to a § 2255 movant, the Court must issue or deny a certificate of appealability. *See* Fed. R. Gov. § 2255 Proc. 11(a).  A certificate of appealability may issue only if the movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).  The movant must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000).  The Court declines to issue a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right and reasonable jurists would not find the Court's assessment of his claims to be debatable or wrong.

For the reasons stated above, Petitioner's § 2255 Motion is DENIED.  Any request Petitioner made for an evidentiary hearing is also DENIED because the allegations in his Motion do not give rise to a claim for relief. *See United States v. Withers*, 638 F.3d 1055, 1063 (9th Cir. 2011).

## IV.    CONCLUSION

**IT IS HEREBY ORDERED** that Petitioner's § 2255 Motion, (ECF No. 201), is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Prompt Disposition, (ECF No. 214), is **DENIED as moot**.

**DATED** this __30__ day of January, 2023.

_____
Gloria M. Navarro, District Judge
United States District Court