## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Respondent/Plaintiff, | ) | Case No.: 2:10-cr-00482-GMN-PAL-1 |
| vs. | ) | |
| | ) | **ORDER** |
| TAVARES CHANDLER, | ) | |
| | ) | |
| Petitioner/Defendant. | ) | |
| | ) | |
| | ) | |

Pending before the Court is Petitioner Tavares Chandler's ("Petitioner") Motion to Alter or Amend Judgment, (ECF No. 216). The Government filed a Response, (ECF No. 217), to which Petitioner did not file a Reply.

Further pending before the Court is the Government's Motion to Allow Daniel D. Hollingsworth ("Mr. Hollingsworth") to Withdraw as Forfeiture Attorney, (ECF No. 218).

For the reasons discussed below, the Court **DENIES** Petitioner's Motion to Alter or Amend Judgment, and **GRANTS** Mr. Hollingsworth's Motion to Withdraw as Forfeiture Attorney.[1]

**I.  BACKGROUND**

On May 9, 2011, Petitioner pleaded guilty to one count of felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Plea Mem., ECF No. 41); (Mins.

---

[1] The Government requests this Court permit Mr. Hollingsworth to withdraw as the forfeiture attorney of record "because forfeiture has been completed" in this case. (Mot. Withdrawal 1:14–16, ECF No. 218). Local Rule IA 11-6(e) states that "[e]xcept for good cause shown, no withdrawal or submission will be approved if it will result in delay of discovery, the trial, or any hearing in the case." Based on the procedural posture of the case, the Court is satisfied that permitting counsel to withdraw will not result in delay of discovery, trial, or any other hearing in accordance with Local Rule IA 11-6(e). Accordingly, the Government's Motion to Allow Daniel D. Hollingsworth to Withdraw as Forfeiture Attorney is GRANTED. Attorney Daniel D. Hollingsworth shall no longer represent the Government in this matter.

Proceedings, ECF No. 44).  Petitioner was sentenced to 235 months' imprisonment, (*see* Mins. Proceedings, ECF No. 82), which was later reduced to 100 months' imprisonment in light of the Supreme Court's decision in *Johnson v. United States*. 571 U.S. 591 (2015); (*see* Mins. Proceedings, ECF No. 135): (Am. J., ECF No. 139).

Rather than appeal, Petitioner instead filed his First Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 ("First § 2255 Mot."). (ECF No. 142).  During the pendency of the First § 2255 Motion, the Court revoked Petitioner's supervised release and sentenced him to four months in custody. (Mins. Proceeding, ECF No. 173); (J., ECF No. 174). Petitioner would later voluntarily dismiss his First § 2255 Mot. (ECF No. 175).  In November 2020, the Court again revoked Petitioner's supervised release, and sentenced him to twelve months' imprisonment. (Mins. Proceedings, ECF No. 199); (J., ECF No. 200).  On August 2, 2021, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, (ECF No. 201), which the Court denied as not timely filed. (Order, ECF No. 215). Petitioner then filed the instant Motion to Alter or Amend Judgment, (ECF No. 216), which the Court discusses below.

II.     **LEGAL STANDARD**

Federal Rules of Civil Procedure ordinarily "allows a party to seek relief from final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 528 (2005). However, for a federal inmate challenging the legality of his detention, 28 U.S.C. § 2255 provides the exclusive remedy. *See United States v. Washington*, 653 F.3d 1057, 1059 (9th Cir. 2011).

"A petitioner is generally limited to one motion under § 2255, and may not bring a 'second or successive motion' unless it meets the exacting standards of 28 U.S.C. § 2255(h)." *Id*.  Section 2255(h) provides that a successive motion "cannot be considered unless it has first

been certified by the court of appeals to contain either '(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense,' or '(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.'" *Id*. (quoting 28 U.S.C. § 2255).

"Because of the difficulty of meeting this standard, petitioners often attempt to characterize their motions in a way that will avoid the strictures of § 2255(h)." *Id*. When a petitioner attempts to disguise a second or successive § 2255 motion as different type of motion—such as one under Rule 60—the strictures of § 2255(h) still apply. *Id*. A motion is considered a true Rule 60 motion rather than a disguised successive § 2255 motion when it "asserts some defect in the integrity of the federal habeas proceedings." *Id*. at 1063 (quoting Gonzalez, 545 U.S. at 532). For example, "[p]roper Rule 60(b) motions include those alleging fraud on the federal habeas court" as well as those contending that a district court erred by making a procedural ruling that precluded a merits determination. *Jones v. Ryan*, 733 F.3d 825, 834 (9th Cir. 2013) (citing *Gonzalez*, 545 U.S. at 532 nn. 4, 5). On the other hand, a motion will be treated as a disguised § 2255 motion when it presents "a claim" that "is, in substance, a new request for relief on the merits." *Washington*, 653 F.3d at 1063.

### III.   DISCUSSION

**A. Second or Successive § 2255 Motion**

Because this Court lacks jurisdiction to consider a successive, uncertified § 2255 motion, the Court first must determine whether Petitioner's Motion to Alter or Amend Judgment is a successive § 2255 motion or a Rule 59(e) motion.[2] Here, Petitioner's current

---

[2] Although Petitioner's Motion is brought under Rule 59(e), and Not Rule 60(b), district courts have applied the same standard in examining whether a Rule 59(e) motion is in fact a second or successive habeas petition. *See United States v. Hicks*, No. 02-cr-0625, 2007 WL 173885, at *2 (S.D. Cal. Jan. 17, 2007).

Motion to Alter or Amend Judgment again challenges the same judgment as his original § 2255 Motion, but now relies on the Supreme Court's decision in *New York State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111 (2022).[3] (*See generally* Mot. Alter/Amend J.).

The Ninth Circuit has made clear that a Rule 60(b)(6) motion arguing that "a subsequent change in substantive law is a reason justifying relief from the previous denial of a claim" presents a "claim" for purposes of § 2255." *Gonzalez*, 545 U.S. at 531 (quotation omitted). Such is the case here. Petitioner's Rule 59(e) Motion argues that *Bruen* is an intervening change in the law which renders his § 922(g)(1) conviction unconstitutional. (Mot. Amend/Alter J. at 2–13). Although Petitioner claims to rely on a new rule of constitutional law, his new challenge to his underlying criminal judgment is successive within the meaning of § 2255.[4]

The Court concludes that Petitioner's Motion to Alter or Amend Judgment is a disguised or successive § 2255 motion. Therefore, the Court lacks jurisdiction to consider Petitioner's claims unless the stringent standard for presenting a second or successive § 2255 motion is met.

---

[3] Separately, the Court notes that although *Bruen* is a "new" development in the law, the "purported defect" raised by Petitioner (*i.e.*, the constitutionality of § 922g), was available to him at the time of his original § 2255 Motion. Accordingly, Petitioner's reliance on *Bruen* does not change the Court's analysis regarding the successiveness of the instant Motion.

[4] Even if the Court found that Petitioner's Motion to Alter or Amend Judgment was not successive, it is not persuaded that *Bruen* established any rights relevant to criminal convictions under § 922(g). The *Bruen* decision concerned the right of law-abiding citizens seeking New York permits to "have and carry" concealed firearms outside the home for self-defense. 142 S. Ct. at 2122. New York's permitting law had a "proper cause" requirement for an applicant to "demonstrate a special need for self-protection distinguishable from that of the general community." *Id*. at 2156. This requirement, the Supreme Court held, is what violated the Second and Fourteenth Amendment right of ordinary law-abiding citizens to carry a handgun outside the home for self-defense. *Id*. at 2122, 2156. There is no indication that the Supreme Court in *Bruen* recognized any new Second Amendment right in the context of criminality. *See United States v. Nevens*, No. 19-cr-774, 2022 WL 17492196, at *2 (C.D. Cal. Aug. 15, 2022) ("Defendant is not a law-abiding citizen, and regulations governing *non-law abiding citizens'* use of firearms do not implicate *Bruen* . . . .") (citation omitted) (emphasis in original); *Gordon v. United States*, No. 1:14-cr-00312, 2023 WL 336137, at *1 (N.D. Ga. Jan. 20, 2023) ("Noting in *Bruen*, however, indicates that the statute that criminalizes the possession of a firearm by a convicted felon is unconstitutional."). Moreover, Petitioner's second argument that the Court wrongly decided the sufficient-of-the-indictment claim he made in his previously adjudicated § 2255 Motion merely repeats the argument he raised in that Motion. (Mot. Alter/Amend J. at 14–15). His Motion fails to present new arguments or reasoning why the Court's decision was incorrect. (*Id.*).

The Court may not consider a second or successive § 2255 petition "unless petitioner obtains a certificate authorizing the district court to do so." *Washington*, 653 F.3d at 1065 (quoting *Alaimalo v. United States*, 645 F.3d 1042, 1054 (9th Cir. 2011) (internal quotation marks omitted). To date, Petitioner has not sought authorization from the Ninth Circuit to file a second or successive petition under § 2255(h). Accordingly, the Court is without jurisdiction to entertain Petitioner's disguised § 2255 motion.

### B. Certificate of Appealability

Because the Court has treated Petitioner's Motion to Alter or Amend Judgment as a successive § 2255 motion, the Court must issue or deny a certificate of appealability. *See United States v. Bowser*, No. 10-cr-0145, 2015 WL 12697734, at *4 (C.D. Cal. Dec. 28, 2015) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.").

Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." This standard requires a showing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (internal quotation marks omitted). If a habeas petition was denied on procedural grounds without reaching the underlying constitutional claims, a certificate of appealability may issue only when reasonable jurists could find it "debatable whether the district court was correct in its procedural ruling." *Id*. at 484.

Here, as discussed above, Petitioner seeks to relitigate the merits of his § 2255 Motion based on *Bruen* rather than challenge the integrity of the habeas proceeding itself. Therefore, his argument raised a "claim" for relief and thus constituted a successive § 2255 petition. This Court cannot consider new claims or re-adjudicate already decided claims without the

Petitioner first obtaining the Ninth Circuit's authorization.  In sum, the Court finds that Petitioner has failed to show reasonable jurists could debate whether Petitioner's request for relief should have been resolved differently.  Accordingly, a certificate of appealability is denied as to the Petitioner's claims.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Petitioner's Motion to Alter or Amend Judgment, (ECF No. 216), is **DENIED**.

**IT IS FURTHER ORDERED** that Government's Motion to Allow Daniel D. Hollingsworth to Withdraw as Forfeiture Attorney, (ECF No. 218), is **GRANTED**.

**DATED** this __9__ day of May, 2023.

_____
Gloria M. Navarro, District Judge
United States District Court